*O'Leary v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand twenty-five.

Present:
> BARRINGTON D. PARKER,
> MICHAEL H. PARK,
> ALISON J. NATHAN,
> *Circuit Judges.*

---

MATTHEW O'LEARY,

> *Plaintiff-Appellant,*

> v.                                                                 24-2710

CITY OF NEW YORK,

> *Defendant-Appellee.**

---

FOR PLAINTIFF-APPELLANT:        KEVIN T. SNIDER, Emily C. Mimnaugh,
                                Lorna M. Henry, Pacific Justice Institute,
                                Reno, NV.

FOR DEFENDANT-APPELLEE:         LAUREN L. O'BRIEN, Richard Dearing,
                                Jamison Davies, *for* Muriel Goode-Trufant,
                                Corporation Counsel of the City of New York,
                                New York, NY.

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Southern District of New York (Buchwald, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Matthew O'Leary served as a Special Investigator and E-Discovery Manager for New York City's Department of Investigation (the "City"). During the COVID-19 pandemic, he sought a religious exemption from the vaccination mandate in effect for City employees. The City denied the request, finding that his objection to vaccination was "not based on a sincerely held religious, moral, or ethical belief." App'x at 27. The City's Reasonable Accommodation Appeals Panel affirmed, and the City later fired O'Leary. O'Leary sued the City under 42 U.S.C. § 1983, alleging violations of Title VII and the Free Exercise Clause. The district court granted the City's motion to dismiss. O'Leary now appeals the dismissal of his Free Exercise claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"To bring a section 1983 lawsuit for municipal liability, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury." *Hu v. City of New York*, 927 F.3d 81, 104 (2d Cir. 2019) (quotation marks omitted); *see Connick v. Thompson*, 563 U.S. 51, 61 (2011) ("Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to

2

practically have the force of law."). O'Leary failed to do so here, so we need not reach his Free Exercise claims.[1]

According to O'Leary, the "forms used, the standardized questions, and the review for the appeal process . . . together describe a policy which clear[s] the *Monell* hur[d]le." Appellant's Reply Br. at 15; *see Monell v. Department of Social Services*, 436 U.S. 658 (1978). But O'Leary's complaint alleged that the City erred in deciding *his* accommodation request, and "isolated acts by non-policymaking municipal employees are generally not sufficient to demonstrate a municipal custom, policy, or usage that would justify liability." *Hu*, 927 F.3d at 106 (quotation marks omitted). His complaint also failed to set forth "facts suggesting that an officer with final policymaking authority ordered, ratified, or was aware of a subordinate's unconstitutional actions, and consciously chose to ignore them." *Id*. at 105 (quotation marks omitted). We thus affirm the district court's dismissal on the basis that O'Leary did not plausibly allege a *Monell* claim against the City.[2]

\* \* \*

---

[1] In any event, to the extent that O'Leary makes a facial challenge to the vaccine mandate, our precedent squarely forecloses his suit. *See Kane v. De Blasio*, 19 F.4th 152, 164 (2d Cir. 2021) ("The Vaccine Mandate, in all its iterations, is neutral and generally applicable.").

[2] Although the City did not raise its *Monell* argument before the district court, "[w]e have discretion . . . to decide the merits of a forfeited claim or defense where the issue is purely legal and there is no need for additional fact-finding." *Palin v. New York Times Co.*, 113 F.4th 245, 279 (2d Cir. 2024) (quotation marks omitted). We do so here because the question is purely legal, and we agree with the City that the issue became relevant only on appeal. *See* Appellee's Br. at 19-20.

We have considered O'Leary's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4